# EXHIBIT 12

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

Orin Snyder
Direct: +1 212.351.2400
Fax: +1 212.351.6335
OSnyder@gibsondunn.com

March 6, 2024

<u>VIA E-MAIL</u>

Sarah M. Matz, Esq.
Gary Adelman, Esq
Adelman Matz P.C.
1159 Second Ave, Suite 153
New York, NY 10065

Re:   *McSweeney v. Cohen et al.*

Dear Counsel:

We represent Andy Cohen.  On February 27, 2024, you filed a complaint on behalf of Leah McSweeney that is littered with false, offensive, and defamatory statements about my client.  *McSweeney v. Cohen, et al.*, 1:24-cv-1503 (S.D.N.Y. Feb. 27, 2024) ("Compl.").  While virtually every statement about Mr. Cohen contained in the complaint is false and will be proven so if this baseless lawsuit proceeds, we demand that you immediately retract and withdraw all allegations relating to Mr. Cohen's purported "cocaine use," including but not limited to the allegation that Mr. Cohen "engages in cocaine use with Housewives and other 'Bravolebrities' that he employs."  Compl. ¶¶ 312-316.  If you refuse to do so, Mr. Cohen reserves the right to hold you and your client accountable to the fullest extent of the law.

To be clear: these allegations are categorically false.  Mr. Cohen never used cocaine with any cast member on any Real Housewives show or with any other Bravo employee.  The absence of any reasonable basis to make such allegations is confirmed by your pleading itself.  *See, e.g.*, Fed. R. Civ. P. 11(b).  While proclaimed as facts, these allegations are missing every detail, including the who, where, and when.  That is because you know that no such details exist, as a slew of current and former cast members has independently confirmed (which you well know through press reports).  The allegations were obviously made up by you and/or your client to achieve maximum tabloid clickbait value in the hopes of weaponizing these false allegations—along with other lies that permeate the complaint—as leverage to force an unjustified settlement.  It will not.  Instead, this conduct only subjects you and your client to independent and substantial legal exposure.

An allegation of drug use in the workplace is a serious charge.  Where, as here, such allegations are false, they are defamatory per se.  The allegations lost any arguable legal immunity given that they were asserted maliciously and sent to the media and other third parties, with the goal of generating widespread media coverage painting Mr. Cohen in a false and negative light.  Of course, this was your reason for inventing the false allegations in the first place—to create a

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · Riyadh · San Francisco · Singapore · Washington, D.C.

# GIBSON DUNN

Sarah M. Matz, Esq
Gary Adelman, Esq
Adelman Matz P.C.
March 6, 2024
Page 2

media frenzy and pressure in an attempt to force a settlement. The publication of the complaint was a malicious act that suggests you and your client to substantial compensatory and punitive damages.

The truth matters. Litigation cannot be used to create fake news. And it cannot be used as a vehicle to spread false and malicious lies, in furtherance of a shakedown. We demand that you issue an immediate public retraction and apologize to Mr. Cohen. Every day you fail to do so only increases the damages suffered by Mr. Cohen.

Sincerely,

Orin Snyder
Partner

107145078.4