

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Jacob D. Albertson
Partner, through his professional corporation
(917) 546-7714 Phone
(917) 546-7679 Fax
j1a@msk.com

August 6, 2024

**VIA ECF**
The Honorable Lewis J. Liman
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re: *McSweeney v. Cohen et al*, Case No. 1:24-CV-01503 (LJL)
<u>Letter-Motion to Stay Discovery Pending Determination on Motion to Dismiss</u>

Dear Judge Liman:

Defendants Andy Cohen, Lisa Shannon, John Paparazzo, Darren Ward, Warner Bros. Discovery, Inc., Shed Media US, Inc., NBCUniversal Media, LLC, and Bravo Media, LLC ("Defendants") respectfully submit this Letter Motion to stay discovery pending the resolution of their Motion to Dismiss (ECF No. 58, "Motion") Plaintiff's First Amended Complaint (ECF No. 54, "FAC").

## I. <u>INTRODUCTION</u>

Good cause exists to stay discovery until after resolution of the Motion. As set forth in more detail below, each of the relevant factors supports this result.

First, the FAC is exceedingly lengthy, complex, and far-reaching. It contains 955 paragraphs, 33 causes of action arising under six statutory frameworks, and at least four categories of purported discrimination and retaliation. There are eight defendants, and Plaintiff identifies 34 non-party witnesses by name (and several others anonymously). Based solely on the face of the FAC, any discovery sought will be broad and require extensive responses.

Second, Plaintiff only seeks money damages, and therefore would not be prejudiced by a stay. By contrast, absent a stay, the parties—and non-parties—would be required to devote substantial time and resources to discovery, despite the likelihood that Plaintiff's claims would be dismissed. A stay would further the interests of efficiency and conservation of judicial resources.

Third, the Motion presents "substantial grounds" for dismissal of the FAC in its entirety. Each of these arguments is well-founded in the law, Plaintiff's own allegations, and documents that are properly considered on the Motion. And, notably, Plaintiff already had the opportunity to supplement her pleadings following the filing of Defendants' motion to dismiss the original Complaint, but she failed to correct any of the deficiencies.

Defendants are mindful that a stay of discovery is not "automatic" upon the filing of a motion to dismiss. They respectfully submit, however, that the circumstances of this case present a clear instance in which such a stay is warranted. The stay should be granted.

20089227.1

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM



The Honorable Lewis J. Liman
August 6, 2024
Page 2

## II. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff was an on-camera cast member on seasons 12 and 13 of *The Real Housewives of New York* ("*RHONY*"), and season 3 of *The Real Housewives Ultimate Girls Trip* ("*RHUGT*") (collectively, "The Shows"). The Shows are part of *The Real Housewives* franchise of reality television shows. Defendants are the producers, network, distributors, and certain individuals who worked on The Shows.

Plaintiff filed the Complaint on February 27, 2024. *See* ECF No. 1. On May 22, 2024, Defendants moved to dismiss the Complaint, and Plaintiff filed the FAC on June 12, 2024. She now brings 33 causes of action, which include the following categories:

- Disability-related claims under federal and New York State and City laws. These claims allege that Plaintiff has mental health and alcohol use disabilities, and that Defendants discriminated and retaliated against her on the basis of those disabilities by, *inter alia*, declining to cast her on additional seasons of *The Real Housewives* shows.

- Sex discrimination and retaliation claims—under federal and New York State and City laws—based on three alleged comments made by Defendant Cohen in 2020.

- Religious discrimination claims—under New York State and City laws—based on Defendants' supposed failure to provide a non-pork option at one meal.

- A RICO claim based on the same allegations as the foregoing.

- Retaliation and interference claims based on a letter sent by counsel for Defendant Cohen after the filing of the Complaint.

Defendants have moved to dismiss each of these claims. *See* ECF No. 58. As agreed by the parties, the opposition and reply are due on August 21 and September 13, 2024. *See* ECF No. 56.

On July 16, 2024, counsel for the parties met and conferred pursuant to Rule 26, in advance of the Initial Case Management Conference. Defendants' counsel expressed that a stay of discovery would save substantial costs and resources. Plaintiff declined to agree to a stay of discovery.

## III. LEGAL STANDARD

"[U]pon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Delgado v. NJ Transit Rail Operations, Inc.*, 329 F.R.D. 506, 508 (S.D.N.Y. 2019) (citation omitted). In determining whether to stay discovery pending resolution of a motion to dismiss, courts consider three factors: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Cohen v. United States*, 2022 WL 2181457, at *1 (S.D.N.Y. June 16, 2022) (Liman, J.) (citation omitted).

As to the third factor, "[t]he court need not make the ultimate and final determination that the defendant will succeed on the motion to dismiss. It is sufficient that the defendant's motion presents substantial grounds for dismissal, or ... [the] Defendant has made a strong showing that



The Honorable Lewis J. Liman
August 6, 2024
Page 3

[it] is likely to succeed on the merits." *Id.* (citations omitted); *see Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting a stay where "an initial review of the arguments presented" in the motion "suggest that none are frivolous"); *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (staying discovery, noting that the motion to dismiss was "potentially dispositive and [did] not appear to be unfounded in the law").

Courts in this district routinely find that good cause exists where, as here, "a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *see also, e.g., Cohen*, 2022 WL 2181457, at *1 (granting stay where the discovery was "broad-ranging and extensive," the suit was for money damages, and the motion "present[ed] substantial arguments" for dismissal); *Cota v. Art Brand Studios, LLC*, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) (Liman, J.) (granting stay where the motion "present[ed] substantial grounds for dismissal," the yet-to-be-served discovery requests were expected to be broad, and the plaintiffs failed to show they would suffer prejudice); *Diatek Licensing LLC v. Estrella Media, Inc.*, 2022 WL 5108090, at *2 (S.D.N.Y. Oct. 4, 2022) (Liman, J.) (granting stay where "Plaintiff has not shown prejudice to it aside from the prejudice present in every stay that it will be delayed in prosecuting its case," and the discovery burdens would be "defendant-heavy"); *Pappas v. City of New York*, Case 1:23-cv-6010, Dkt. 58 (S.D.N.Y. Jan. 26, 2024) (Liman, J.) (granting stay where "the scope and burden of discovery would be substantial based on the amount of personnel and timekeeping records," and the case, which had been filed six months earlier, was "not old and Plaintiffs do not identify any harm they would suffer").

## IV.    EACH OF THE RELEVANT FACTORS WEIGHS IN FAVOR OF A STAY

### A.  Discovery Will Be Extraordinarily Broad, Given the Breadth of the FAC

The length and complexity of the FAC, and the corresponding likelihood of extensive discovery requests, weighs strongly in favor of a stay. The 138-page FAC contains **955 numbered paragraphs**, over 300 of which are asserted upon "information and belief." Plaintiff pursues **33 claims** under Title VII, the ADA, the NYCHRL, the NYSHRL, the NYLL, and RICO. She asserts multiple theories of liability, including mental health disability discrimination, alcohol abuse disability discrimination, sex discrimination, religious discrimination, retaliation, and racketeering. Her allegations span 2019 to 2024, and relate primarily to three separate television series, but also allege misconduct relating to other seasons of *The Real Housewives* and other Bravo shows and post-litigation conduct. In addition to the eight Defendants, Plaintiff specifically references 34 non-party witnesses by name, and several others anonymously.

In short, Plaintiff's FAC is extreme in scope. Plaintiff will no doubt seek an enormous amount of discovery in an effort to prove her allegations.[1] Courts have found this factor to be satisfied in cases involving a far more limited scope of discovery. *See, e.g., Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (stay was warranted where

---

[1] Defendants do not concede that any and all broad discovery Plaintiff may propound would be appropriate, and reserve their right to seek appropriate limitations on the scope of discovery.



The Honorable Lewis J. Liman
August 6, 2024
Page 4

the complaint was "more than 200 paragraphs long, and involves five separate counts"). This factor weighs in favor of a stay, and Plaintiff cannot reasonably argue otherwise.

### B. <u>Plaintiff Will Not Be Prejudiced by a Brief Stay</u>

Plaintiff also cannot reasonably argue that she will be prejudiced by a stay. This case is in its early stages, and a brief stay pending resolution of the Motion will neither prejudice Plaintiff nor unnecessarily delay the proceedings. "[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). "[T]he passage of a reasonable amount of time … cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *Broccoli v. Ashworth*, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) (citation omitted).

Nor could Plaintiff identify any other source of prejudice. She seeks only money damages (*see* FAC at 137-38 (prayer for relief)), so she cannot point to any loss of potential recovery. Defendants are under an obligation to preserve documents, so there is no risk of spoliation. *See Cohen*, 2022 WL 2181457, at *1. And the fact that Plaintiff has not served discovery requests in the five months since she filed the Complaint belies any suggestion of urgency.

By contrast, the burdens of discovery in this case are likely to be "defendant-heavy." *Diatek Licensing LLC*, 2022 WL 5108090, at * 2. Accordingly, Defendants would be prejudiced were discovery to proceed prior to adjudication of their Motion.

### C. <u>The Motion Presents Substantial Grounds for Dismissal</u>

Finally, notwithstanding its length and breadth, the FAC is ripe for dismissal. Defendants' Motion provides substantial grounds for dismissal of the FAC in its entirety.

- Plaintiff's **disability-related claims** are based on the (false) allegations that Defendants discriminated against Plaintiff by encouraging her to relapse on alcohol during filming of The Shows, directing cast members to say offensive comments to her on-camera, and declining to cast her on future seasons of *RHONY* because Defendants purportedly prefer to depict cast members who drink alcohol, all in service of ratings. Defendants dispute these allegations. However, even accepting them as true, "Defendant's creative expression, and therefore [their] First Amendment Defense, is apparent" on the face of the FAC. *Moore v. Hadestown Broadway Ltd. Liab. Co.*, 2024 WL 989843, at *15 (S.D.N.Y. Mar. 7, 2024). Decisions about what to say or not say in an expressive work, as well as "casting decisions," are "part and parcel of the creative process," and therefore "merit[] First Amendment protection against the application of anti-discrimination statutes to that process." *Id.* (quoting *Claybrooks v. Am. Broad. Companies Inc.*, 898 F. Supp. 2d 986, 993 (M.D. Tenn. 2012)). *See* Motion, § IV.B.

- Plaintiff's **sex/gender-based claims** are based on three alleged communications made in 2020: two comments allegedly made by Cohen on-air during a *RHONY* reunion show,

and one private text message from Cohen in December 2020. As a matter of law, each such allegation is time-barred under Title VII and the NYSHRL. Only the December 2020 text is timely under the NYCHRL. However, the alleged conduct—a stray remark by Cohen to Plaintiff in the context of a friendly text message exchange about a topic Plaintiff had just disclosed on her public social media accounts—is far too "trivial" to support a claim. *See* Motion, § IV.C-D.

- Plaintiff's **religious discrimination claims** are based on one alleged incident: the alleged failure to provide a non-pork option at one meal during filming of *RHUGT*. Even if this alleged incident occurred precisely as Plaintiff describes (which it did not), it is, at most, a petty slight or trivial inconvenience that is insufficient to support a claim under the NYCHRL or NYSHRL. *See* Motion, § IV.E.

- Plaintiff's **RICO claim** is based on the same alleged conduct as her employment discrimination claims. To state a claim for RICO violations, a plaintiff must allege, *inter alia*, a pattern of certain enumerated **criminal acts**. Plaintiff does not even attempt to allege any criminal activity. Under well-settled law, violations of the civil rights laws alleged in the FAC cannot support a RICO claim as a matter of law. *See* Motion, § IV.F.

- Plaintiff's **retaliation and interference** claims under the NYCHRL, NYSHRL, and NYLL are based on a letter that Defendant Cohen's lawyer sent to Plaintiff's lawyers—after the original Complaint was filed—which demanded an apology for allegations that Defendant Cohen used cocaine. This letter is not actionable for several reasons, including because: (1) it does not constitute an "adverse action"; and (2) it is not connected to Plaintiff's "protected activity," but rather only addresses superfluous allegations of drug use, having nothing to do with Plaintiff or her claims. *See* Motion, § IV.K-L.

At this stage, the Court need not decide the ultimate merits of Defendants' Motion. All that must be shown is that the Motion "presents substantial grounds for dismissal," which it plainly does. *Cohen*, 2022 WL 2181457, at *1; *see also Boelter*, 2016 WL 361554, at *5 (granting a stay where "an initial review of the arguments" in the motion "suggest that none are frivolous").[2]

\* \* \*

Accordingly, Defendants respectfully request that this Court grant this motion to stay discovery. We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Jacob D. Albertson
Jacob D. Albertson
Partner, through his professional corporation of
MITCHELL SILBERBERG & KNUPP LLP

---

[2] Even if the Motion is only successful in part, it is still likely to substantially limit the scope of Plaintiff's claims and corresponding discovery. This militates in favor of a stay. *See Spencer Trask Software*, 206 F.R.D. at 368 (stay was warranted where defendants presented "substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit").