```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/05/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                    :

LEAH MCSWEENEY,                                :

                 Plaintiff(s),          :       24-cv-1503 (LJL)

      -v-                                       :       MEMORANDUM &
ANDY COHEN ET AL.,                       :       ORDER

                Defendants.          :

-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendants Andy Cohen, Lisa Shannon, John Paparazzo, Darren Ward, Warner Bros. Discovery, Inc., Shed Media US, Inc., NBCUniversal Media, LLC, and Bravo Media, LLC, (collectively, "Defendants") move for a stay of discovery until the resolution of their pending motion to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim for relief. Dkt. No. 75. Plaintiff Leah McSweeney ("Plaintiff") opposes the motion. Dkt. No. 79.

      The burden is on the Defendants to show good cause for discovery to be stayed pending decision on a motion to dismiss. Fed. R. Civ. P. 26(c); *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *see Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021); *Ass'n Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999). Save for cases covered by the Private Securities Litigation Reform Act, a motion to dismiss does not automatically stay discovery. *See Hong Leong*, 297 F.R.D. at 72. A stay must be justified based on (1) the breadth of discovery sought and the burden of responding to it; (2) the prejudice, if any, to the opposing party of an order granting a stay; and (3) the strength of the motion. *See Brooks v. Macy's, Inc.*,

2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010).[1]  The argument for a stay is stronger where resolution would dispose of the entire action, *Ass'n Fe Y Allegria*, 1999 WL 147716, at *1, but the moving party must show either "substantial grounds for dismissal" or make a "strong showing that [the motion] is likely to succeed on the merits," *Ruby Has*, 2021 WL 2413320 at *1.  "[L]ack of prejudice alone does not merit a stay." *Bennett v. Cuomo*, 2023 WL 2021560, at *5 (S.D.N.Y. Feb. 15, 2023).

Defendants have not shown good cause for a stay of discovery.  Defendants filed a motion to dismiss on July 17, 2024.  Dkt. No. 57.  Among other arguments, Defendants assert that the conduct alleged to be wrongful in the FAC is protected by the First Amendment.  *See* Dkt. No. 58.  Plaintiff filed her memorandum of law in opposition to the motion to dismiss on August 21, 2024.  Dkt. No. 82.  Plaintiff argues that the First Amendment does not afford immunity against claims for discrimination.  *Id.*  There are "'strong arguments on both sides.'" *Robbins v. Candy Digital Inc.*, 2024 WL 2221362, at *1 (S.D.N.Y. May 15, 2024) (quoting *Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016)).  For the motion to dismiss to dispose of the entire action, Defendants would need to prevail on a number of their arguments, not just those based on the First Amendment.

Defendants' argument regarding the burden of discovery is based on speculation from the length of the FAC and the number of Defendants and third parties named.  Dkt. No. 75 at 1, 3–4.  Defendants have not shown a burden of responding to discovery during the time that the Court will take to resolve the motion to dismiss.  "[T]he number of individuals Plaintiff lists [in the FAC] is not itself revealing of the extent of discovery that will be necessary in this case."

---

[1] Additionally, the Court has power, inherent in its power over the timing and sequence of discovery, to stay depositions of parties or third parties even if it allows document discovery and interrogatories to go forward.  *See Brooks*, 2010 WL 5297756, at *2.

*Robbins*, 2024 WL 2221362, at *2.  While this case is at its early stages, briefing on the motion to dismiss is advanced.  Defendants' reply memorandum of law in support of the motion to dismiss is due to be filed by September 13, 2024.  Dkt. No. 55.  Meanwhile, under the Case Management Plan and Scheduling Order approved by the Court, requests for production of documents and interrogatories are not to be served until September 21, 2024, and the parties have until April 11, 2025 to complete fact discovery.  Dkt. No. 80.  Defendants have not shown sufficient reason why discovery should not begin.

"To the extent that Defendants complain that certain individual document requests are overbroad or certain interrogatories exceed the Federal or Local Rules, the appropriate response is for Defendants to interpose those objections in their responses and to attempt to meet and confer with Plaintiff.  If, after attempting to meet and confer, no agreement is reached, then Defendants may seek a protective order from the Court."  *Robbins*, 2024 WL 2221362, at *2 (internal citations omitted).  Moreover, allowing Plaintiff to proceed with document requests and subpoenas for documents should protect against any prejudice to Plaintiff from potential spoliation of evidence.

Accordingly, the motion is denied without prejudice.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 75.

SO ORDERED.

Dated: September 5, 2024
       New York, New York

                                              LEWIS J. LIMAN
                                              United States District Judge