

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Jacob D. Albertson
Partner, through his professional corporation
(917) 546-7714 Phone
(917) 546-7679 Fax
j1a@msk.com

June 30, 2025
**VIA ECF**
The Honorable Lewis J. Liman
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:    *McSweeney v. Cohen et al*, Case No. 1:24-CV-01503 (LJL)
        Letter-Motion to Stay Pending Adjudication of Motion to Compel Arbitration

Dear Judge Liman:

We write on behalf of the Defendants in the above-referenced action. As discussed more fully below, in light of the recent dismissal of Plaintiff's sex/gender-related claims, and the inapplicability of the federal Ending Forced Arbitration Act ("EFAA") to the remaining claims, Defendants invoke their contractual right to compel arbitration of Plaintiff's complaint. Defendants have met and conferred with Plaintiff, and on June 26, 2025, Plaintiff's counsel stated that they do not consent to arbitration of Plaintiff's remaining claims or to a stay of discovery. Accordingly, Defendants will promptly file a motion to compel arbitration.[1] By this letter-motion, Defendants respectfully request that all discovery, as well as briefing on Plaintiff's motion for leave to amend her complaint, be stayed pending the resolution of Defendants' motion to compel.

## I.    Relevant Facts and Procedural History

Plaintiff is a former cast member on the reality television shows *Real Housewives of New York City* ("RHONY") and *Real Housewives Ultimate Girls Trip* ("RHUGT"). Dkt. No. 93, p. 2. Defendants are the production company, network, and individual producers of the relevant seasons of RHONY and RHUGT. *Id.* Effective September 26, 2019, Plaintiff entered into an agreement governing her employment on RHONY Season 12, which states, in relevant part, that the parties shall arbitrate any dispute between Plaintiff and "the Released Parties" (broadly defined to include all Defendants) "in connection with" Plaintiff's "engagement hereunder," or "services or participation in" the *Real Housewives* franchise (the "Arbitration Agreement"). Dkt. No. 63, App'x 1, ¶ 16(b). Pursuant to two subsequent agreements, the Arbitration Agreement applies to Plaintiff's participation in RHONY Season 13 and RHUGT Season 3. Dtk. Nos. 64 & 65.

On February 27, 2024, Plaintiff filed a complaint, asserting claims for, *inter alia*, discrimination and harassment on the basis of disability, religion, and sex, all stemming from Plaintiff's employment pursuant to the aforementioned agreements. Dkt. No. 1. Plaintiff filed a First Amended Complaint ("FAC") asserting the same claims, and on July 11, 2024, Defendants moved to dismiss the FAC. Dkt. No. 54.

On March 31, 2025, the Court issued a Decision and Order (the "MTD Decision"), which, among other things, dismissed Plaintiff's sex-based claims with prejudice. Dkt. No. 93, pp. 68-84.

---

[1] Defendants intend to file their motion to compel by no later than July 16, 2025.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM



The Honorable Lewis J. Liman
June 30, 2025
Page 2

Upon Plaintiff's request, the Court extended Plaintiff's time to file a motion to amend until May 28, 2025. Defendants did not have an opportunity to review the proposed Second Amended Complaint ("SAC") before it was filed.

On May 28, 2025, Plaintiff filed a motion for leave to file the proposed SAC. Dkt. No. 100. In the proposed SAC, Plaintiff removed the sex/gender-related claims that she had asserted in the Complaint and the FAC and deleted the allegation that her (prior) sexual harassment claims rendered the Arbitration Agreement unenforceable. Dkt. No. 102-2, p. 6.

Defendants promptly informed Plaintiff's counsel of their intent to invoke the Arbitration Agreement during a meet and confer on June 18, 2025, and asked Plaintiff's counsel if Plaintiff would consent to arbitration and/or a stay of discovery and further briefing on the motion to amend pending the motion to compel arbitration. On June 26, 2025, Plaintiff's counsel stated that they do not consent to arbitration or a stay of discovery. On June 30, Plaintiff's counsel stated that they do not consent to a stay of further briefing on their motion to amend.

As Plaintiff concedes, the parties have not engaged in meaningful discovery: no party has produced documents or sought third-party discovery, and no depositions have been taken or noticed. Dkt. No. 102, ¶¶ 7-10. Defendants have not answered, and the only motion practice has concerned the motions to dismiss and stay discovery, and the opening brief on Plaintiff's motion to amend.

## II.    Legal Standard

"[C]ourts generally engage in a presumption that there should be a stay of discovery pending the decision on a motion to compel arbitration." *Paniccioli v. Northstar Source Grp. LLC*, 2025 WL 1427007, at *1 (S.D.N.Y. May 16, 2025). "[A] stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it." *Alvarez v. Experian Info. Sols., Inc.*, 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021). It is "the general practice of district courts" to stay discovery pending a decision on a motion to compel. *Al Thani v. Hanke*, 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) (citation omitted); *see also Merida Cap. Partners III LP v. Fernane*, 2025 WL 1541072, at *3–4 (S.D.N.Y. May 30, 2025) (noting that a court need not consider the three-factor test—the breadth of discovery, the resulting prejudice, and the strength of the motion—where the stay is sought pending a motion to compel arbitration); *Oestreicher v. Equifax Info. Servs., LLC*, 2023 WL 3819378, at *1 (E.D.N.Y. June 5, 2023) (same).

## III.    There Is No Basis to Overcome the Presumption Favoring a Stay

### A.    The Arbitration Agreement Applies

"[T]he [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Brevard v. Credit Suisse*, 2024 WL 36991, at *3 (S.D.N.Y. Jan. 3, 2024) (Liman, J.). Here, the Arbitration Agreement plainly applies to Plaintiff's claims. In her Complaint, Plaintiff acknowledges the Arbitration Agreement, but contends that it does not apply because her claims "do not pertain to Defendants' breaches" of the agreements. Dkt. No. 102-1 ¶ 24. But whether Plaintiff's claims "pertain to Defendants' breaches" is irrelevant because the Arbitration Agreement is not limited to claims for breach.

Instead, the Arbitration Agreement broadly applies to any dispute "in connection with [Plaintiff's]



The Honorable Lewis J. Liman
June 30, 2025
Page 3

engagement," and her "services or participation in" the *Real Housewives*. Dkt. No. 63, App'x 1, ¶ 16(b). This encompasses Plaintiff's claims for alleged workplace discrimination and retaliation. Arbitration clauses like this one, "encompass statutory discrimination claims arising out of a putative employment relationship, even if not explicitly stated in the arbitration clause." *Arshad v. Transportation Sys., Inc.*, 183 F. Supp. 3d 442, 448 (S.D.N.Y. 2016). Courts regularly find that discrimination and retaliation claims fall within the ambit of arbitration clauses with similar language. *See, e.g.*, *Gilbert v. Indeed, Inc.*, 513 F. Supp. 3d 374, 396 (S.D.N.Y. 2021) (Liman, J.) ("Congress did not intend that discrimination claims be exempted from the FAA.").

### B. The EFAA Does Not Bar Arbitration of Plaintiff's Remaining Claims

Pursuant to the EFAA, when a plaintiff alleges "conduct constituting a sexual harassment dispute," "no predispute arbitration agreement … shall be valid or enforceable." 9 U.S.C. § 402(a). However, in its MTD Decision, the Court dismissed Plaintiff's sex-based claims with prejudice. And in her proposed SAC, Plaintiff does not allege any sexual harassment claims and withdrew her contention that the EFAA barred arbitration. Dkt. No. 102-2, p. 6. The EFAA plainly does not bar arbitration of Plaintiff's remaining claims, as they do not allege the requisite "conduct constituting a sexual harassment dispute."

### C. The Other Factors Support a Stay

Although unnecessary to the adjudication of this motion, the other factors in the three-part test support a stay. This Court previously granted Defendants' request to stay discovery pending their motion to dismiss, finding that Plaintiff sought extensive discovery, and would not be prejudiced by a stay. *See* Dkt. No. 92. There is no reason why that conclusion should change. Although the Court dismissed much of the FAC, the proposed SAC contains 25 causes of action, covering a broad range of allegations over the course of many years, and Plaintiff has already asserted expansive discovery demands. Discovery, as well as briefing on the pending motion to amend, will be extensive and costly.[2] And, as the Court already found, purported concerns about spoliation are "alleviated because Defendants are on notice as to the necessary document preservation." *Id.*

Furthermore, Defendants would be prejudiced absent a stay. Although waiver of a right to compel arbitration "is not to be lightly inferred," *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985), Defendants may risk waiver if they are forced to engage in further litigation (whether it be discovery or motion practice) in this forum. *Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, 2017 WL 11577923, at *2 (D. Conn. July 24, 2017). And if they are compelled to proceed in this forum while their motion is pending, Defendants will effectively be denied their bargained-for right to proceed in the arbitral forum. *See Al Thani*, 2021 WL 23312, at *2 (absent a stay pending arbitration, the movant may be deprived of the benefits of arbitration, namely, "efficiency and cost-effectiveness—characteristics said to be at odds with full-scale litigation in the courts" (quoting *Nat'l Broad. Co. v. Bear Stearns & Co.*, 165 F.3d 184, 190–91 (2d Cir. 1999)).

Accordingly, Defendants respectfully request that, pending the outcome of their forthcoming motion to compel arbitration, the Court stay: (1) all discovery; and (2) further briefing on Plaintiff's motion for leave to amend.

---

[2] Should this litigation proceed, Defendants will continue to object to the scope of Plaintiff's discovery requests, and will oppose Plaintiff's motion for leave to amend.



The Honorable Lewis J. Liman
June 30, 2025
Page 4

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Jacob D. Albertson
Jacob D. Albertson
Partner, through his professional corporation of
MITCHELL SILBERBERG & KNUPP LLP

20840297.2