```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
LEAH MCSWEENEY,                                                        :
                                                                       :
                                Plaintiff,                             :
                                                                       :        24-cv-01503 (LJL)
                -v-                                                    :
                                                                       :             ORDER
ANDY COHEN, et al.,                                                    :
                                                                       :
                                Defendants.                            :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/9/2025__

LEWIS J. LIMAN, United States District Judge:

      Defendants move for a stay of discovery pending resolution of their forthcoming motion to compel arbitration. Dkt. No. 107. The motion is granted in part and denied in part. The Court has the authority to stay discovery pursuant to Fed. R. Civ. P. 26(c) upon a showing of good cause. *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Among the factors that the court may consider is the strength of the motion, the breadth of discovery, and the prejudice that would result from a stay. *See id.* The Court may also consider whether the effect of the motion would be to transfer the case to a forum, such as an arbitral forum, that has significantly different rules for discovery than a federal court. *See, e.g. Paniccioli v. Northstar Source Grp. LLC*, 2025 WL 1427007, at *1 (S.D.N.Y. May 16, 2025) (citing cases). "When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023) (citing 9 U.S.C. § 16(a)). The Supreme Court has held that when an appeal is taken from an order denying a motion to compel, the district court must stay all pre-trial and trial proceedings including discovery, decrying what it considered to be the potential "waste [of] scarce judicial resources . . . on a dispute that will ultimately head to arbitration in any event." *Id.* at 743.

      Defendants' contemplated motion to compel arbitration is far from frivolous. *Cf. id.* at 744 (noting that courts have ways of ensuring that frivolous appeals do not improperly delay district court proceedings). They claim that the Ending Forced Arbitration Act ("EFAA") no longer protects Plaintiff against mandatory arbitration in light of the Court's dismissal of

Plaintiff's sex/gender-related claims. Dkt. No. 107. Plaintiff responds that the EFAA applies because they properly alleged claims of sexual discrimination and sexual harassment and that, in any event, Defendants waived the right to arbitrate by filing a motion to dismiss, and the arbitration clause does not encompass all of Plaintiff's claims. There are strong arguments on both sides of the issue. *Compare Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498, 533 (S.D.N.Y. 2024) *with Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563 (S.D.N.Y. 2023). The Second Circuit is expected to address these differing interpretations of the EFAA soon. *See Diaz-Roa v. Hermes Law, P.C.*, No. 24-3223 (2nd Cir.).

Plaintiff indicated at argument that if discovery were permitted to go forward, Plaintiff would want to proceed with document production from Defendants and the depositions of Defendants. Such discovery would likely be extensive.

Prejudice to Plaintiff from a stay of discovery can be addressed by measures short of permitting full discovery to proceed. Defendants have been ordered to file their motion to compel arbitration by July 16, 2025. *See* Dkt. No. 113. The Court intends to address the motion expeditiously. If the motion is granted, the parties can proceed without delay to arbitration, and if it is denied, Defendants can quickly take the inevitable appeal and obtain the corresponding stay, and the Second Circuit can address the Court's decision. There is likely little discovery that the parties would be able to accomplish before the Court's decision on the motion to compel arbitration. And Plaintiff's concern for potential document spoliation (which has not been substantiated) can be addressed by permitting the parties to serve document requests and third-party subpoenas, while suspending the obligation of any party to respond to those requests and subpoenas.

Consistent with the reasoning set forth at the hearing on July 8, 2025, the Court is persuaded that the risk of document destruction and spoliation on the part of third parties not yet on notice of their preservation obligations militates towards allowing third party subpoenas to be served. Likewise, the Court sees no prejudice to Defendants in allowing the document requests and objections which have already been exchanged to be modified to reflect the current status of the case following the Court's decision on the motion to dismiss the First Amended Complaint. *See* Dkt. No. 93. However, the Court is also persuaded that further discovery, including time and resources expended on document production and motions to compel, may be duplicative of, and more extensive than, discovery before the arbitral panel if the Court ultimately grants

Defendants' forthcoming motion to compel arbitration, and may be premature if the Court denies said motion to compel and discovery is stayed regardless pending a likely appeal of that decision. *See Coinbase,* 599 U.S. at 741.

Accordingly, discovery is stayed except inasmuch as parties are permitted to serve third-party subpoenas and may exchange updated requests for production and updated objections based on the forthcoming Second Amended Complaint. No other document production or deposition is required under the stay. The time to respond to subpoenas is stayed pending further order of the Court.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 107.

SO ORDERED.

Dated: July 9, 2025
New York, New York

LEWIS J. LIMAN
United States District Judge