UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEAH MCSWEENEY,<br><br>        Plaintiff,<br>  v.<br><br>ANDY COHEN, LISA SHANNON, JOHN PAPARAZZO, DARREN WARD, WARNER BROS. DISCOVERY, INC., SHED MEDIA US INC., NBCUNIVERSAL MEDIA, LLC, and BRAVO MEDIA LLC,<br><br>        Defendants. | Case No. 1:24-CV-01503-LJL |

**DECLARATION OF JACOB D. ALBERTSON IN SUPPORT DEFENDANTS'
MOTION TO COMPEL ARBITRATION**

JACOB D. ALBERTSON declares under penalty of perjury as follows:

1. I am a partner, through my professional corporation, with the law firm Mitchell Silberberg & Knupp LLP, attorneys of record Defendants Andy Cohen, Lisa Shannon, John Paparazzo, Darren Ward, Warner Bros. Discovery, Inc., Shed Media US Inc., NBCUniversal Medica, LLC, and Bravo Media LLC ("Defendants") in the above-captioned action.

2. I respectfully submit this declaration in support of Defendants' Motion to Compel Arbitration.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the fully-executed version of a document entitled "'The Real Housewives of New York City' / Leah McSweeney / Talent Agreement," entered into on October 4, 2019, which concerns Plaintiff Leah McSweeney's ("Plaintiff") participation in Season 12 of *Real Housewives of New York* ("*RHONY*"). This document was previously filed under seal pursuant to the Court's Order (Dkt. No. 71) as Dkt. No. 63, and in redacted form as Dkt. No. 67.

4.	Attached hereto as **Exhibit 2** is a true and correct copy of the fully-executed version of an agreement entitled "'The Real Housewives of New York City' / Leah McSweeney / 13th Cycle," entered into on September 17, 2020, which concerns Plaintiff's participation in Season 13 of *RHONY*. This document was previously filed under seal pursuant to the Court's Order (Dkt. No. 71) as Dkt. No. 64, and in redacted form as Dkt. No. 68.

5.	Attached hereto as **Exhibit 3** is a true and correct copy of the fully-executed version of an agreement entitled "'The Real Housewives Limited Series' / Leah McSweeney / Talent Agreement," entered into on May 19, 2022, which concerns Plaintiff's participation in Season 3 of *Real Housewives Ultimate Girls Trip* ("*RHUGT*"). This document was previously filed under seal pursuant to the Court's Order (Dkt. No. 71) as Dkt. No. 65, and in redacted form as Dkt. No. 69.

6.	On June 18, 2025, counsel for Defendants (Adam Levin and Jacob Albertson) and counsel for Plaintiff (Sarah Matz and Celena Stoia) participated in their first meet and confer following the filing of Plaintiff's proposed Second Amended Complaint ("SAC"). Defendants' counsel informed Plaintiff's counsel that Defendants would be moving to compel arbitration pursuant to the arbitration provision in the agreements governing Plaintiff's employment on the reality television shows *RHONY* and *RHUGT*. Defendants' counsel asked whether Plaintiff would consent to arbitration. Defendants' counsel also stated Defendants' position that, in light of their intention to seek arbitration, discovery in this proceeding (and further briefing on Plaintiff's Motion to Amend) should be stayed. Plaintiff's counsel did not provide an answer at that time as to whether Plaintiff would consent to arbitration or a stay.

7.	On June 23, 2025, I sent Plaintiff's counsel an email reiterating Defendants' intention to file a motion to compel arbitration and to ask the Court to stay all discovery and

20881215.1

further briefing on Plaintiff's Motion to Amend, pending determination of that motion to compel. Attached hereto as **Exhibit 4** is a true and correct copy of my June 23, 2025 correspondence to Plaintiff's counsel.

8. On June 26, 2025, Plaintiff's counsel informed Defendants via email that Plaintiff did not consent to arbitration or a stay of discovery, and on June 30, 2025, Plaintiff's counsel informed Defendants via email that Plaintiff did not consent to stay further briefing on her Motion to Amend. *See* Exhibit 1 hereto.

9. Discovery in this matter is still in early stages. No depositions have been taken or noticed, Defendants have not filed an answer to Plaintiff's First Amended Complaint or SAC, and the only motion practice in which the parties have engaged has concerned Defendants' motions to dismiss, Defendants' motions to stay discovery pending the motions to dismiss and the motion to compel arbitration, and the opening brief in support of Plaintiff's Motion to Amend.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED:  New York, New York            By:  /s/ Jacob D. Albertson
    July 16, 2025                               Jacob D. Albertson