UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEAH MCSWEENEY,<br><br>　　　　Plaintiff,<br>　v.<br><br>ANDY COHEN, LISA SHANNON, JOHN PAPARAZZO, DARREN WARD, WARNER BROS. DISCOVERY, INC., SHED MEDIA US INC., NBCUNIVERSAL MEDIA, LLC, and BRAVO MEDIA LLC,<br><br>　　　　Defendants. | Case No. 1:24-CV-01503-LJL<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO COMPEL ARBITRATION**

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. ARBITRABILITY SHOULD BE DECIDED BY THE ARBITRATOR .......................... 2

III. THE ARBITRATION PROVISION ENCOMPASSES PLAINTIFF'S CLAIMS ............ 2

IV. THE EFAA DOES NOT BAR ARBITRATION OF PLAINTIFF'S CASE ..................... 3
    A. The EFAA's Text and Legislative History Support Defendants' Position ............. 3
    B. *Diaz-Roa* Does Not Support the Applicability of the EFAA ................................. 4
        1. *Diaz-Roa* Does Not Stand for the Proposition that Previous Claims of Sexual Harassment Can Invoke the EFAA ................................................. 4
        2. Even if the *Bell* Standard Applied, the EFAA Would Not Bar Arbitration ................................................................................................... 6

V. PLAINTIFF CANNOT MEET HER BURDEN TO SHOW WAIVER .......................... 7
    A. Defendants Promptly Invoked Their Right to Arbitrate ......................................... 7
    B. Defendants Did Not Waive Arbitration through Participation in Litigation .......... 8

VI. THE ARBITRATION PROVISION IS NOT UNCONSCIONABLE .............................. 9

VII. CONCLUSION ............................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*Allstate Ins. Co. v. Hartford Ins. Co. of the Midwest*,
  2019 WL 3066491 (S.D.N.Y. July 12, 2019) ............................................................................8

*Barrios-Contreras v. Big Fish Ent. LLC*,
  2024 WL 3435854 (S.D.N.Y. July 17, 2024) ............................................................................3

*Bell v. Hood*,
  327 U.S. 648 (1946) ............................................................................................................6, 7

*Blash v. BCS Placements, LLC*,
  2020 WL 2832777 (S.D.N.Y. May 31, 2020) ..........................................................................2

*Boustead Sec., LLC v. Leaping Grp. Co.*,
  656 F. Supp. 3d 447 (S.D.N.Y. 2023) ......................................................................................8

*Brevard v. Credit Suisse*,
  2024 WL 36991 (S.D.N.Y. Jan. 3, 2024) .................................................................................7

*Bright-Asante v. Saks & Co., Inc.*,
  242 F. Supp. 3d 229 (S.D.N.Y. 2017) ......................................................................................3

*Clay v. FGO Logistics, Inc.*,
  751 F. Supp. 3d 3 (D. Conn. 2024) ..........................................................................................5

*Colony Ins. Co. v. Hudson Excess Ins. Co.*,
  2025 WL 622648 (S.D.N.Y. Feb. 25, 2025) ............................................................................4

*Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*,
  938 F.2d 1574 (2d Cir. 1991) ..................................................................................................9

*Conde v. Yeshiva Univ.*,
  16 A.D.3d 185 (1st Dep't 2005) ..............................................................................................3

*Dante v. Ralphs Supermarket*,
  2024 WL 4188926 (S.D.N.Y. Sept. 11, 2024) .........................................................................6

*Diaz- Roa v. Hermes L., P.C.*,
  757 F. Supp. 3d 498 (S.D.N.Y. 2024) ......................................................................4, 5, 6, 7, 9

*GEICO Corp. v. Pennsylvania Power & Light Co.*,
  669 F. Supp. 590 (S.D.N.Y. 1987) ...........................................................................................9

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Gilbert v. Indeed, Inc.*,
    513 F. Supp. 3d 374 (S.D.N.Y. 2021)..................................................................................10

*Guyden v. Aetna, Inc.*,
    544 F.3d 376 (2d Cir. 2008)..................................................................................................10

*Hall v. NYC Water Bd.*,
    2024 WL 4487257 (S.D.N.Y. Oct. 15, 2024)..........................................................................6

*Hancock v. Cnty. of Rensselaer*,
    882 F.3d 58 (2d Cir. 2018)......................................................................................................5

*In re Crysen/Montenay Energy Co.*,
    226 F.3d 160 (2d Cir. 2000)....................................................................................................5

*Jiangxo Zhengao Recycled Textile Co. v. Amazon.com Servs. LLC*,
    2025 WL 834724 (S.D.N.Y. Mar. 14, 2025) ........................................................................10

*Kramer v. Hammond*,
    943 F.2d 176 (2d Cir. 1991)....................................................................................................9

*Lahoud v. Document Techs. LLC*,
    2017 WL 5466704 (S.D.N.Y. Nov. 14, 2017).........................................................................2

*Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
    626 F.3d 156 (2d Cir. 2010)....................................................................................................9

*Manos v. Geissler*,
    321 F. Supp. 2d 588 (S.D.N.Y. 2004)................................................................................3, 9

*Morgan v. Sundance, Inc.*,
    596 U.S. 411 (2022)............................................................................................................8, 9

*Nachbaur v. St. Luke's-Roosevelt Hosp. Ctr.*,
    101 F.3d 687 (2d Cir. 1996)....................................................................................................6

*Nat'l Indem. Co. v. IRB Brasil Resseguros S.A.*,
    164 F. Supp. 3d 457 (S.D.N.Y. 2016)...................................................................................10

*PPG Indus., Inc. v. Webster Auto Parts, Inc.*,
    128 F.3d 103 (2d Cir. 1997)....................................................................................................9

*Ragone v. Atl. Video at Manhattan Ctr.*,
    2008 WL 4058480 (S.D.N.Y. Aug. 29, 2008).......................................................................10

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Ragone v. Atl. Video at Manhattan Ctr.*,
   595 F.3d 115 (2d Cir. 2010)..................................................................................................10

*Rochdale Vill., Inc. v. Pub. Serv. Emp. Union, Loc. No. 80*,
   605 F.2d 1290 (2d Cir. 1979)..................................................................................................2

*S & R Co. of Kingston v. Latona Trucking, Inc.*,
   159 F.3d 80 (2d Cir. 1998)......................................................................................................9

*Suqin Zhu v. Hakkasan NYC LLC*,
   291 F. Supp. 3d 378 (S.D.N.Y. 2017).....................................................................................9

*United States v. Wilson*,
   503 U.S. 329 (1992)................................................................................................................4

**STATUTES**

9 U.S.C.
   § 401......................................................................................................................................4
   § 402(a).................................................................................................................................4
   § 402(b).................................................................................................................................2

I. **PRELIMINARY STATEMENT**[1]

Plaintiff's opposition (ECF No. 124, the "Opposition" or "Opp.") fails to advance a single convincing challenge to Defendants' Motion to Compel Arbitration (the "Motion").

First, the Opposition does not rebut the plain language of the Arbitration Provision, or any of the authorities in the Memorandum, which demonstrate that the arbitrator must determine the provision's scope. In any event, the Arbitration Provision clearly encompasses Plaintiff's claims.

Second, the Opposition does not provide credible support for Plaintiff's novel theory that the EFAA precludes arbitration of a complaint that *contains no sexual harassment allegations*. The text of the statute, its legislative history, and relevant case law clearly reflect an intention for the statute to apply only to cases involving *pending* sexual harassment claims.

Third, the Opposition fails to establish waiver. Plaintiff argues that Defendants should have invoked their right to arbitrate before the MTD Decision, but simultaneously argues that such a motion would have been futile. She cannot have it both ways. Defendants promptly moved to compel once the barriers to arbitration were lifted. And contrary to Plaintiff's disingenuous argument, Defendants have engaged in no more than the bare minimum of discovery, while consistently maintaining that discovery should not proceed.

Fourth, the Opposition fails to establish that the Arbitration Provision is unconscionable. This issue is reserved for the arbitrator. To the extent it considers the argument, the Court should reject it because the clauses at issue are not invalid or unconscionable, and even if they were, the proper approach would be to sever them, not to preclude arbitration. Finally, Plaintiff's argument that JAMS, a leading provider of arbitration services, is incapable of fairly deciding this dispute is patently baseless.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning set forth in Defendants' opening Memorandum of Law (ECF No. 121, the "Memorandum" or "Mem.").

## II.   ARBITRABILITY SHOULD BE DECIDED BY THE ARBITRATOR

The Opposition fails to address the plain language of the Arbitration Provision delegating disputes as to its "scope or applicability" to the arbitrator. ECF 122-1, App'x 1, ¶ 16(b). Instead, Plaintiff points to the Jurisdiction and Venue clause in the RH Agreements, which only notes that the Parties agreed to submit to court jurisdiction in ***enforcing*** their agreement to arbitrate. *Id.*, ¶ 16(e). That is precisely what Defendants are doing here, by asking this Court to compel arbitration. Such clauses do not address whether a court or an arbitrator should determine arbitrability. *See Lahoud v. Document Techs. LLC*, 2017 WL 5466704, at *5 (S.D.N.Y. Nov. 14, 2017) (venue clauses complement, but do not supersede, broad arbitration clauses, absent express preclusive language) (citation omitted); *Blash v. BCS Placements, LLC*, 2020 WL 2832777, at *6 (S.D.N.Y. May 31, 2020) (language regarding enforcement in choice of law clause did not contradict agreement to arbitrate all disputes, including as to arbitrability).[2]

## III.   THE ARBITRATION PROVISION ENCOMPASSES PLAINTIFF'S CLAIMS

Provisions as broad as the Arbitration Provision easily encompass discrimination and retaliation claims such as Plaintiff's. Mem. at 8-10 (citing authorities). The Opposition fails to distinguish ***any*** of the authorities cited in the Memorandum supporting this proposition.

Rather, Plaintiff invokes inapposite cases, which involved matters collateral to the arbitration provision, provisions that were explicitly narrow in scope, or claims under collective bargaining agreements (which are subject to a more onerous standard). *See Rochdale Vill., Inc. v. Pub. Serv. Emp. Union, Loc. No. 80*, 605 F.2d 1290, 1296-97 (2d Cir. 1979) (arbitration provision did not extend to "collateral" disputes under a separate contract that did not incorporate the

---

[2] Plaintiff argues that the EFAA requires that the Court determine the question of arbitrability, even if the EFAA does not proscribe arbitration. Opp. at 20. This is incorrect. The EFAA plainly only requires that a court determine "the validity and enforceability of an agreement ***to which this chapter applies***." 9 U.S.C. § 402(b) (emphasis added). Because the EFAA does not apply (*infra* § IV), it does not prohibit the arbitrator from determining arbitrability.

arbitration provision[3]); *Manos v. Geissler*, 321 F. Supp. 2d 588, 593 (S.D.N.Y. 2004) (arbitration provision was limited to "whether termination was for just cause"); *Bright-Asante v. Saks & Co., Inc.*, 242 F. Supp. 3d 229, 241 (S.D.N.Y. 2017), *aff'd*, 855 F. App'x 40 (2d Cir. 2021) ("In a collective bargaining agreement, the intention … to arbitrate statutory claims must be 'clear and unmistakable'"; provision that the parties "may" submit grievances to arbitration did not clearly mandate arbitration); *Conde v. Yeshiva Univ.*, 16 A.D.3d 185, 186 (1st Dep't 2005) (same).

Plaintiff argues that her claims do not concern her "engagement" or "the parties' rights or obligations under" the RH Agreements, because the "gravamen" of her case is "Defendants' unlawful employment conduct throughout and after the Shows." Opp. at 22-23. But it is precisely ***because*** Plaintiff's claims involve Defendants' alleged "employment conduct" that they fall within the Arbitration Provision. *See Barrios-Contreras v. Big Fish Ent. LLC*, 2024 WL 3435854, at *4, 7 (S.D.N.Y. July 17, 2024), *rep. and rec. adopted*, 2024 WL 3834829 (S.D.N.Y. Aug. 15, 2024) (reality show participant's discrimination and retaliation claims encompassed by arbitration clause covering disputes "arising out of" or "in connection with" employment agreement). Plaintiff's claims all seek to hold Defendants liable ***as employers*** for alleged ***workplace discrimination***. Plaintiff cannot credibly argue that these claims fall outside the broad Arbitration Provision.

## IV.    THE EFAA DOES NOT BAR ARBITRATION OF PLAINTIFF'S CASE

As Plaintiff concedes, the SAC alleges no sexual harassment claim. *See* Opp. at 13 n.16. There is therefore no basis to invoke the EFAA. The various theories offered in the Opposition do not permit Plaintiff to avoid the Arbitration Provision.

### A.    The EFAA's Text and Legislative History Support Defendants' Position

The text of the EFAA precludes its application to the SAC. There is no "sexual harassment dispute," because that term is defined as "a dispute relating to conduct that ***is alleged*** to constitute

---

[3] Plaintiff concedes that the Arbitration Provision was incorporated into each of the RH Agreements. Opp. at 3 n.4.

sexual harassment," and the SAC is not a complaint that "***relates to***" such a dispute. 9 U.S.C. §§ 401, 402(a) (emphases added); Mem. at 11-13. Congress could have easily expressed an intent that the EFAA continue to apply after sexual harassment claims are disposed of by, for example, defining "sexual harassment dispute" to encompass ***prior allegations***, or by extending its reach to a *case which relates to **or at any time related to** the sexual harassment dispute*. But it did not. Its choice "of a verb tense is significant." *United States v. Wilson*, 503 U.S. 329, 333 (1992).

Furthermore, the legislative history directly addressed this issue, and multiple senators, including the bill's sponsors, made clear that Defendants' interpretation—that a plaintiff would "go back to the arbitration process" if the sexual harassment claims "are dismissed" from the case—is "exactly what [Congress] intended the bill to do." 168 Cong. Rec. S627 (daily ed. Feb. 10, 2022); *see* Mem. at 13, n.8. Tellingly, although Defendants cited these illustrative, directly on-point statements in the Memorandum, Plaintiff fails to respond to them, conceding the point. *Colony Ins. Co. v. Hudson Excess Ins. Co.*, 2025 WL 622648, at *8 (S.D.N.Y. Feb. 25, 2025) (arguments not addressed in opposition are conceded).

### B. *Diaz-Roa* Does Not Support the Applicability of the EFAA

#### 1. *Diaz-Roa* Does Not Stand for the Proposition that Previous Claims of Sexual Harassment Can Invoke the EFAA

Plaintiff relies extensively on *Diaz-Roa v. Hermes L., P.C.*, 757 F. Supp. 3d 498 (S.D.N.Y. 2024) (Liman, J.). Opp. at 9-15. However, *Diaz-Roa* addressed only the standard on a motion to compel arbitration of a case involving a ***pending*** sexual harassment claim. The Court's focus was exclusively on the "'allegations,' *i.e.* the content of a pleading," *Diaz-Roa*, 757 F. Supp. 3d at 536, and it held that a sexual harassment claim need not be plausibly pled to invoke the EFAA. Here, Defendants do not argue that any extant sexual harassment claims are implausibly pled; ***there are no such allegations at all***. In other words, *Diaz-Roa* did not consider the question here—whether the EFAA precludes arbitration of a complaint based on claims ***in a former pleading***.

Indeed, multiple decisions have stated that the proper approach, *after* sex-based claims are dismissed, is to compel arbitration. *See* Mem. at 13 (citing *Gil*, *Solis*, and *Anderson*); *see also Clay v. FGO Logistics, Inc.*, 751 F. Supp. 3d 3, 20 (D. Conn. 2024). Plaintiff, conceding that these cases directly support Defendants' argument, retorts only that they are "non-precedential." Opp. at 10 n.14. But **Plaintiff offers no cases** suggesting—let alone holding—that *former* claims invoke the EFAA. Given the legislative history, it is not surprising that every case to address this issue supports Defendants' argument.[4]

Lacking authorities, Plaintiff attacks a straw man. She argues, citing *Diaz-Roa*, that the EFAA applies to a "case" as an "undivided whole." Opp. at 10-13. But the Court's analysis in *Diaz-Roa* was focused on the "whole" of the operative complaint, not the case throughout its lifespan. It held that the entirety of a "case" alleging sexual harassment—*i.e.*, **all pending claims**, even non-sexual harassment claims—cannot be compelled to arbitration. *Diaz-Roa*, 757 F. Supp. 3d at 532-33. The legislative history Plaintiff cites (Opp. at 12, n.15) is irrelevant for the same reason: it merely reflects the view that the EFAA should bar arbitration of a "case," not just a "claim," in the context of cases with **pending** sexual harassment allegations. *See* Cong. Rec. S626-27 (daily ed. Feb. 10, 2022) (Sen. Durbin: arbitration should be precluded where a "case and all of its claims were related to the … harassment," even claims that were not "sexual harassment" specifically); 168 Cong. Rec. H991 (2022) (Rep. Scott: EFAA should bar arbitration of non-sex claims "related to" pending sexual harassment claims; they should not proceed in two venues).

These authorities are concerned entirely with whether the EFAA bars arbitration of claims asserted concurrently with pending sexual harassment allegations. Here, because there simply are

---

[4] Plaintiff cites two cases suggesting that a party does not waive a dismissed claim or defense by not repleading it. *See In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000); *Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018). That misunderstands the issue and Defendants' argument: The only question is whether the EFAA applies to the SAC. The text, legislative history, case law, and common sense compel the conclusion that it does not.

no sexual harassment allegations in the SAC, these authorities are beside the point.[5]

        2.      <u>Even if the *Bell* Standard Applied, the EFAA Would Not Bar Arbitration</u>

Because there is no sexual harassment claim in the SAC, the EFAA does not apply. It makes no difference whether, if such claim were pending, the *Bell v. Hood* standard endorsed in *Diaz-Roa*, or the *Yost* plausibility standard, would apply. Mem. at 12. Even assuming, *arguendo*, that the *Bell* standard applied (Opp. at 14-15), the SAC would still fail to invoke the EFAA.

Under *Bell* and its progeny, a court will dismiss a complaint for want of jurisdiction, notwithstanding an alleged federal violation, where the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Diaz-Roa*, 757 F. Supp. 3d at 542 (citing *Bell v. Hood*, 327 U.S. 648, 681-83 (1946)). Under that standard, the "[m]ere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction." *Dante v. Ralphs Supermarket*, 2024 WL 4188926, at *2 (S.D.N.Y. Sept. 11, 2024). Courts look to "the gravamen of the plaintiff's complaint," not simply the reference to federal law, to determine whether jurisdiction lies. *Nachbaur v. St. Luke's-Roosevelt Hosp. Ctr.*, 101 F.3d 687 (2d Cir. 1996) (court lacked jurisdiction because "the gravamen of the plaintiff's complaint" was medical malpractice, and the RICO elements were not satisfied); *see also Hall v. NYC Water Bd.*, 2024 WL 4487257, at *4 (S.D.N.Y. Oct. 15, 2024), *rep. and rec. adopted*, 2024 WL 4712425 (S.D.N.Y. Nov. 7, 2024) (court lacked jurisdiction, despite the complaint's references to federal law, since "the gravamen" of the complaint was breach of contract).

Here, the "gravamen" of the claims in the SAC is disability discrimination, not sexual harassment. While Plaintiff highlights four supposedly sex-related paragraphs out of the 944-

---

[5] Plaintiff cites decisions purportedly relating to the interpretation of the term "case" (or similar language) in inapposite contexts. Opp. at 11. These decisions do not address the EFAA, and they are additionally irrelevant because they do not address whether a statute continues to apply after the claim that triggered its application is removed from the case.

paragraph SAC (Opp. at 13 (citing SAC ¶¶ 56, 295, 459, 475)), they are immaterial, insubstantial, frivolous, and unrelated to any claim. These passing references fail to satisfy the *Bell* standard, and are insufficient to invoke the EFAA.[6] For the reasons discussed in this Section IV.B. and in the Memorandum, a decision compelling arbitration here would not conflict with *Diaz-Roa*.

V.     **PLAINTIFF CANNOT MEET HER BURDEN TO SHOW WAIVER**

   A.     **Defendants Promptly Invoked Their Right to Arbitrate**

The law set forth in the Memorandum establishes the reasonable conclusion that, when assessing waiver, courts focus on the time period starting when the right to arbitrate became apparent. Mem. at 15. Here, Defendants promptly invoked their right to arbitrate just weeks after Plaintiff removed her sexual harassment allegations from the SAC. Mem. at 16.[7]

Plaintiff responds by misidentifying the relevant time period. She argues that Defendants' "aggressive participation in this litigation" ***prior to the MTD Decision*** constitutes waiver. Opp. at 15. At the same time, Plaintiff contends that a motion to compel arbitration prior to the MTD Decision was barred by the EFAA. Opp. at 16. Thus, Plaintiff's position is that Defendants should have made a futile motion to compel, and that their failure to do so necessitates a finding of waiver. Plaintiff cannot marshal any authorities to support this untenable conclusion. She cites no cases in which waiver was found based on a party's failure to move to compel before the right to compel was evident. And while she attempts to distinguish some of Defendants' on-point authorities

---

[6] Plaintiff suggests that, under *Bell*, a court "may" retain jurisdiction over a case even after a federal claim is dismissed, and that this means that the Court may continue to bar arbitration if the EFAA does not apply. Opp. at 14-15 & n.18. This is incorrect. If the EFAA does not apply, the FAA ***requires*** the Court to compel arbitration. There is no room for the Court's discretion. *Brevard v. Credit Suisse*, 2024 WL 36991, at *3 (S.D.N.Y. Jan. 3, 2024) (Liman, J.).
[7] Any attempt to blame Defendants for the three-month "delay" in invoking arbitration following the MTD Decision (Opp. at 17) is disingenuous at best. After the MTD Decision, Plaintiff requested multiple extensions to move for leave to amend, which Defendants agreed to as a courtesy. *See* ECF 123-8. Plaintiff assured Defendants that she would provide an advance copy of the proposed SAC before filing, but she never did. *Id.* Plaintiff did not inform Defendants that she would remove her sexual harassment claims until the day before she filed her motion to amend, and even then, Plaintiff did not provide a copy of the proposed SAC. *Id.* Defendants thus could not confirm that Plaintiff would exclude her sexual harassment allegations—and thereby lift the barriers to arbitration—until Plaintiff's motion was filed. Defendants alerted Plaintiff of their intention to compel in their next communication, just three weeks later.

because the defendants in those cases were not aware of the arbitration right (Opp. at 16 n.20), this is a distinction without a difference. While Defendants were aware of the Arbitration Provision, they were also aware that the Complaint and FAC contained sexual harassment claims, and could not know whether the Court would agree those claims should be dismissed with prejudice.

The only cases that Plaintiff proffers are ones in which parties filed combined motions to dismiss and compel arbitration. *Id.* at 16-17. But she cites no authority suggesting that a defendant ***must*** proceed in this way, or else waive arbitration. To the contrary, the cases cited in the Memorandum (which the Opposition ignores) establish that "pre-answer motion practice does not constitute the sort of significant litigation that weighs in favor of finding that there has been a waiver of an arbitration agreement." *Boustead Sec., LLC v. Leaping Grp. Co*., 656 F. Supp. 3d 447, 453 (S.D.N.Y. 2023); *see* Mem. at 17.

Plaintiff also argues that waiver should be found because Defendants did not expressly reserve their right to compel arbitration prior to the MTD Decision. Opp. at 18. Again, Plaintiff cites no authority for this illogical and impractical proposition. To the contrary, waiver is "the intentional relinquishment or abandonment of a known right." *Morgan v. Sundance, Inc*., 596 U.S. 411, 417 (2022) (citation omitted). It cannot be established by a passive failure to reserve. *Allstate Ins. Co. v. Hartford Ins. Co. of the Midwest*, 2019 WL 3066491, at *5 (S.D.N.Y. July 12, 2019) (rejecting the notion that a "failure to reserve" constituted waiver of that right).

**B.     Defendants Did Not Waive Arbitration through Participation in Litigation**

Plaintiff also fails to prove waiver based on the amount of litigation activity. Mem. at 17. Most importantly, Plaintiff concedes that the parties have engaged in very little discovery. Where Defendants have participated in discovery, they have only done so to the extent ordered by the Court or required by the Federal Rules. Throughout, Defendants have maintained that ***discovery***

***should not proceed***.[8] Courts have refused to find waiver in a number of cases where, like here, there was no substantial motion practice or discovery. *See Diaz-Roa* 757 F. Supp. 3d at 529. And as the Memorandum notes and the Opposition ignores, many courts have declined to find waiver where parties engaged in far more litigation activity than has transpired here. *See* Mem. at 17-18.[9]

Defendants did not move to compel after document productions, depositions, or third-party discovery. Nor have they used arbitration to hedge bets on the eve of trial. Defendants invoked arbitration as soon as the barriers to their right were lifted, at an early juncture in the case.[10]

## VI. THE ARBITRATION PROVISION IS NOT UNCONSCIONABLE

Plaintiff argues that certain provisions within the Arbitration Provision are unconscionable. Opp. at 24. "These are precisely the sorts of inquiries that … are for the arbitrator to decide in the first instance." *Suqin Zhu v. Hakkasan NYC LLC*, 291 F. Supp. 3d 378, 395 (S.D.N.Y. 2017).

If the Court addresses these arguments, they should be rejected. With respect to the agreement's limits on discovery, "[i]t is plainly not the case that simply because an agreement to arbitrate … limits the parties' access to discovery, the agreement is substantively unconscionable." *Ragone v. Atl. Video at Manhattan Ctr.*, 2008 WL 4058480, at *6 (S.D.N.Y. Aug. 29, 2008), *aff'd*,

---

[8] Plaintiff emphasizes the length of Defendants' Requests for Production, but extensive requests were needed only because the FAC was over 900 paragraphs long.

[9] Plaintiff argues that some of the cases cited in the Memorandum in which waiver was not found are inapposite because they pre-date *Morgan*. Opp. at 19. This ignores that many of the cited cases post-date *Morgan*. Moreover, *Morgan* merely held that prejudice does not factor into the arbitration waiver analysis; courts continue to rely on pre-*Morgan* cases in assessing waiver. *See, e.g.*, *Diaz-Roa*, 757 F. Supp. 3d at 528-30.

[10] Plaintiff cites cases in which waiver was found, but none are analogous—in each, the parties had engaged in far more litigation activity than the Parties here, and waiver was based on prejudice. *See PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 109-10 (2d Cir. 1997) (movant had received "vast" discovery, including financial records, and moved for summary judgment); *Com-Tech Assocs. v. Computer Assocs. Int'l, Inc.*, 938 F.2d 1574, 1576-77 (2d Cir. 1991) (movant had "extensively deposed the plaintiffs" and raised arbitration only four months before trial); *Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010) (waiver based on ***prejudice*** where the defendant first sought removal, moved to transfer, and answered); *S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 84 (2d Cir. 1998) (party answered, counterclaimed, took three depositions, and received 2100 pages in discovery); *Manos*, 321 F. Supp. 2d at 594 (movant conducted "extensive" discovery, including deposition, with the intention of filing summary judgment); *GEICO Corp. v. Pennsylvania Power & Light Co.*, 669 F. Supp. 590, 591 (S.D.N.Y. 1987) (moving party answered, counterclaimed, and produced documents); *Kramer v. Hammond*, 943 F.2d 176 (2d Cir. 1991) (waiver based on ***prejudice*** where defendant litigated for four years, answered, counterclaimed, and sought depositions); *see also* Mem. at 18 n.13.

595 F.3d 115 (2d Cir. 2010). The requirement that the proceeding be confidential (ECF 122-1, App'x 1, ¶ 16(b)) is likewise decidedly not unconscionable. *See Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008). And the limits on damages and attorneys' fees are applicable only to the "extent permitted by law." ECF 122-1, App'x 1, ¶¶ 16(b) & 16(f). In other words, if the law prohibits limits on damages for any of Plaintiff's claims, those limits are inapplicable. *Arguendo*, if any clauses are both invalid and applicable, the proper approach, the Opposition acknowledges, is to sever the offending provisions (*id.* ¶ 23(g)) and preserve the arbitration agreement. Opp. at 24; *see Gilbert v. Indeed, Inc.*, 513 F. Supp. 3d 374, 407-08 (S.D.N.Y. 2021) (Liman, J.) (enforcing arbitration agreement after severing invalid provision); *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 124-25 (2d Cir. 2010) (appropriate remedy "is to sever the improper provision of the arbitration agreement, rather than void the entire agreement") (citation omitted).[11]

Plaintiff also baselessly argues that JAMS is so biased it is incapable of rendering a fair decision in this dispute. Opp. at 25. Courts repeatedly reject such arguments. *See, e.g.*, *Jiangxo Zhengao Recycled Textile Co. v. Amazon.com Servs. LLC*, 2025 WL 834724, at *4 (S.D.N.Y. Mar. 14, 2025) ("The Second Circuit has recognized that … the best informed and most capable potential arbitrators are repeat players with deep industry connections, who will understand the trade's norms of doing business and the consequences of proposed lines of decision.") (citation omitted). If Plaintiff could avoid arbitration based on the mere suggestion of "repeat player" bias, "the entire commercial arbitration system ... would be undermined." *Nat'l Indem. Co. v. IRB Brasil Resseguros S.A.*, 164 F. Supp. 3d 457, 479-80 (S.D.N.Y. 2016).

## VII. CONCLUSION

Defendants respectfully submit that the Motion should be granted.

---

[11] Contrary to Plaintiff's assertion (Opp. at 24), none of these provisions is "one-sided," as each restricts all parties.

| | |
|---|---|
| DATED:  New York, New York<br>September 5, 2025 | MITCHELL SILBERBERG & KNUPP LLP<br><br>By: /s/ Jacob D. Albertson<br>    Jacob D. Albertson (j1a@msk.com)<br>    437 Madison Ave., 25th Floor<br>    New York, New York 10022-7001<br>    Telephone: (212) 509-3900<br>    Facsimile: (212) 509-7239<br><br>    Adam Levin (axl@msk.com)<br>    (admitted *pro hac vice*)<br>    2049 Century Park East, 18th Floor<br>    Los Angeles, CA 90067<br>    Telephone: (310) 312-3116<br>    Facsimile: (310) 312-3100<br><br>    *Attorneys for Defendants Andy Cohen, Lisa Shannon, John Paparazzo, Darren Ward, Warner Bros. Discovery, Inc., Shed Media US Inc., NBCUniversal Media, LLC, and Bravo Media LLC* |