USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/09/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
LEAH MCSWEENEY,                                                    :
:
Plaintiff,                                :
:         24-cv-1503 (LJL)
-v-                                      :
:         MEMORANDUM AND
ANDY COHEN, et al.,                                                :              ORDER
:
Defendants.                               :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendants Andy Cohen, Lisa Shannon, John Paparazzo, Darren Ward, Warner Bros. Discovery, Inc., Shed Media US Inc., NBCUniversal Media, LLC, and Bravo Media LLC (collectively, "Defendants") move, pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 & 4, for an order compelling arbitration and staying all proceedings in this matter. Dkt. No. 120. The motion is denied because Defendants have waived their right to seek arbitration.

Following the Supreme Court's decision in *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), the Second Circuit has directed that courts should evaluate the question of whether a party has waived its right to arbitration "by focusing on the following question: Did the moving party knowingly relinquish the right to arbitrate by acting inconsistently with that right?" *Doyle v. UBS Fin. Servs., Inc.*, 144 F.4th 122, 130 (2d Cir. 2025).[1] A positive answer to that question

---

[1] The Supreme Court has acknowledged that there is some question as to whether the loss of the right to arbitrate through litigation-related conduct should be understood to raise issues "waiver, forfeiture, estoppel, laches, or procedural timeliness." *Morgan*, 596 U.S. at 416. The Court uses the term "waiver" here only because that is the term used by the Second Circuit in *Doyle* and used by the parties. In fact, the loss of the right to arbitrate through litigation-related conduct might also raise questions of judicial estoppel. *See Peb, Inc. v. Premium Merchant Funding 26,*

does not require a showing of prejudice to the party opposing arbitration. *Id.* at 128. Rather, in determining whether the right to arbitrate has been lost through litigation-related conduct, the court should consider "all aspects of the moving party's conduct—*including* those factors that were significant under [its] pre-*Morgan* test—as long as [it] do[es] not do so through the lens of prejudice." *Id.* at 130.

In *Doyle*, the Second Circuit held that defendants had waived their right to compel arbitration by their post-litigation conduct. *Id.* at 124. Defendants there had filed a motion to dismiss for failure to state a claim or to abstain under *Colorado River*, seeking the dismissal of all claims against them. *Id.* At no point before the motion to dismiss was denied did Defendants file a motion to compel arbitration or otherwise alert the District Court or the plaintiffs that they planned to seek such relief. *Id.* at 131. In addition, following a decision on the motion to dismiss, the parties stipulated to an extension of time to respond to the complaint, again without mentioning the possibility that defendants would move to compel arbitration. *Id.* It was only when the answer was due that defendants, rather than file an answer, moved to compel arbitration. *Id.* The Second Circuit held that defendants waived their right to arbitrate. The court reasoned that by seeking affirmative, dispositive relief in the district court, the defendants availed themselves of the district court's authority and thus waived their right to arbitrate. *Id.*

The facts of this case are similar to those presented in *Doyle*. Plaintiff filed her initial complaint in this case on February 27, 2024. Dkt. No. 1. The complaint asserted claims of discrimination on the basis of disability, sex and gender, and religion, hostile work environment, retaliation, and a violation of the Racketeer Influenced Corrupt Organizations ("RICO") Act. *Id.*

---

*LLC*, 2025 WL 1802996, at *8–9 (S.D.N.Y. July 1, 2025).

¶¶ 406–754. Defendants timely filed a motion to dismiss that complaint on May 22, 2024. Dkt. No. 33. The motion sought dismissal of all causes of action against the Defendants under the First Amendment to the United States Constitution and Federal Rule of Civil Procedure 12(b)(6). *Id.* The memorandum of law in support of the motion to dismiss cited to Plaintiff's agreements with Defendants, Dkt. No. 34 at 4–5, and a declaration in support of the motion put those agreements before the Court, Dkt. Nos. 35-1 and 35-3; *see also* Dkt. Nos. 42–44, but the memorandum did not mention Defendants' right to arbitration or seek relief in the form of an order compelling arbitration. Defendants sought "full and final resolution of the claims against them in federal court." *Doyle*, 144 F.4th at 132. In response to the Defendants' motion, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. No. 54. That complaint added new claims for retaliation and interference against defendant Cohen. *Id.* ¶¶ 919–55.

On July 17, 2024, Defendants filed a motion to dismiss the FAC. Dkt. No. 57. Defendants once again sought dismissal of all claims against them on First Amendment grounds and for failure to state a claim for relief. *Id.* Defendants put the agreements with Plaintiff before the Court through a declaration, Dkt. Nos. 59-1, 59-2, 59-3, 63–65, and referred to those agreements in their memorandum of law in support of the motion, Dkt. No. 58 at 5–6. The memorandum did not mention the arbitration clause in those agreements or seek relief in the form of a stay and an order compelling arbitration. Plaintiff filed a memorandum of law in opposition to the motion on August 21, 2024, Dkt. No. 82, and Defendants filed a reply memorandum of law in further support of the motion on September 13, 2024, Dkt. No. 84.

The Court spent substantial time deciding the motion to dismiss. It heard oral argument on November 14, 2024. Nov. 14, 2024 Minute Entry. The argument on that motion spanned 60 pages of transcript. Dkt. No. 87. Defendants did not mention arbitration.

3

In the meantime, the parties and the Court addressed issues relating to discovery. On August 6, 2024, the parties submitted a proposed case management plan. Dkt. No. 74. In connection with that plan, Defendants asked the Court to exercise its authority to stay discovery but did not mention arbitration. Dkt. No. 74-1. In a letter motion filed that same day, Defendants argued that the Court should stay discovery because their pending motion to dismiss presented substantial grounds "for dismissal of the FAC in its entirety." Dkt. No. 75 at 1, 4. Again, the Defendants did not mention arbitration. The Court held an initial pretrial conference on August 13, 2024, Aug. 13, 2024 Minute Entry, and entered a Case Management Plan and Scheduling Order that same day, Dkt. No. 80. On September 5, 2024, the Court considered the competing arguments with respect to a stay, including the merits of the motion to dismiss, and issued an opinion denying the motion for a stay of discovery. Dkt. No. 83.

At the end of oral argument on the motion to dismiss, Defendants renewed their request that the Court stay discovery, Dkt. No. 87 at 59, and they filed a letter motion seeking that relief on November 20, 2024, Dkt. No. 89. The Court received a response in opposition to the letter motion on November 22, 2024. Dkt. No. 91. No one mentioned arbitration. On December 2, 2024, the Court granted the motion for a stay, finding that Defendants' concern with respect to the scope of discovery was no longer based on speculation. Dkt. No. 92.

On March 31, 2025, the Court issued a 100-page opinion on Defendants' motion to dismiss. Dkt. No. 93; *McSweeney v. Cohen*, 776 F. Supp. 3d 200 (S.D.N.Y. 2025). The Court exhaustively analyzed each of Plaintiff's claims and Defendants' arguments. It issued a ruling on Defendants' arguments that the alleged conduct was protected by the First Amendment from regulation under the anti-discrimination statutes. The Court summarized its rulings in a detailed summary chart at the conclusion of its opinion. Dkt. No. 93 at 99–100. In summary, it sustained

4

certain of Plaintiff's disability claims, but dismissed her claims based on religious and gender discrimination. *Id.* As to certain but not all claims, the Court permitted Plaintiff to replead. *Id.* It rejected Plaintiff's claims for gender discrimination because some of them were time-barred and others failed to state a claim for relief. *Id.* at 68–84. The Court directed that any motion to file an amended complaint be filed within two weeks. *Id.* at 99. Even after that date, there was no mention of arbitration.

On April 9, 2025, the parties submitted a joint letter motion requesting an extension of time for Plaintiff to move to file a second amended complaint, for Defendants to respond to the operative pleading, and for the parties to submit a revised case management plan. Dkt. No. 94. Plaintiff requested a 30-day extension of time to move to file an amended pleading in light of other commitments and the upcoming Jewish Holidays, Defendants asked the Court to set a deadline of 30 days following the filing of an amended pleading so that they could respond to the operative pleading, and the parties jointly sought "additional time to meet and confer regarding scope and timing of discovery and the best way to proceed in light of the Order [denying in part and granting in part the motion to dismiss], the demands that have already been served, and Plaintiff's proposed amendment to the FAC." *Id.* at 1–2. Once again, no mention was made of arbitration. The Court granted the letter motion. Dkt. No. 95.

On May 5, 2025, the parties submitted a further joint letter motion requesting a 14-day extension of time for the Plaintiff to move to amend her FAC, including to see if agreement could be reached on an amendment, and a 14-day extension of time to file a revised case management plan so that they could continue to meet and confer regarding the scope and timing of discovery. Dkt. No. 97. No mention was made of arbitration. The Court granted the motion the same day. Dkt. No. 98.

On May 28, 2025, Plaintiff filed a motion for leave to amend and to file a proposed Second Amended Complaint (SAC). Dkt. No. 102. That same day, the parties also submitted a revised proposed case management plan for discovery without mentioning arbitration. Dkt. No. 99. By letter of June 4, 2025, the parties submitted a letter setting forth a schedule for briefing on the motion to amend pursuant to which Defendants would submit a responsive brief on July 3, 2025, and Plaintiff would reply on July 24, 2025. Dkt. No. 103. By agreement of the parties, the SAC was filed on July 11, 2025.

It was not until June 18, 2025, fourteen months after Plaintiff initiated this action and after Defendants had filed two motions to dismiss and the Court had granted in part and denied in part its second motion to dismiss, that Defendants first informed Plaintiff's counsel that Defendants would be moving to compel arbitration. Dkt. No. 107 at 2. Defendants first informed the Court of their intention to move to compel arbitration on June 30, 2025. *Id.* Defendants did not file their motion to compel arbitration until July 16, 2025. Dkt. No. 120.[2]

In short, as in *Doyle*, Defendants did not seek to compel arbitration in this case until they had first invoked the Court's "authority and sought affirmative dispositive relief." *Doyle*, 144 F.4th at 131. They did so, in part, by raising challenging and difficult issues of First Amendment law that, if the Court had accepted, would have resulted in dismissal of most of Plaintiff's claims. And it was not until after they had taken that gambit and lost, and after they confronted what might have appeared to be the daunting specter of civil discovery in federal court, that they changed course and asserted that the Court should never have exercised its authority in the first place. By invoking the Court's authority to dismiss the entire case on the merits and turning to

---

[2] On July 9, 2025, the Court granted Defendants' request for a stay of discovery, with limited exceptions, in anticipation of the filing of this motion.

arbitration only after failing in that effort, Defendants have lost their right to arbitrate through their litigation-related conduct. "Arbitration is not a fallback position. It is not a second bite at the apple. Rather, a party with a claim to arbitration faces a binary choice: litigation or arbitration. One 'cannot have it both ways.'" *Doyle*, 144 F.4th at 131 (quoting *Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 712 F.2d 270, 273 (7th Circ. 1983)).

Defendants have no persuasive response. Defendants assert that they did not waive the right to arbitrate because such right was not "available" until after the Court decided the motion to dismiss and dismissed Plaintiff's sex-based claims. Dkt. No. 121 at 15–16.[3] They note that, before the motion to dismiss was granted, Plaintiff had actionable sex-based claims that arguably were protected from arbitration by the Ending Forced Arbitration Act ("EFAA"), 9 U.S.C. §§ 401–402, but that with the granting of the motion to dismiss "Plaintiff's remaining case . . . does not allege 'conduct constituting a sexual harassment dispute,' and the case does not 'relate[] to' such a dispute." *Id.* at 12 (quoting 9 U.S.C. § 402(a)). That argument proves too much and does not excuse Defendants' tardiness in raising the issue of arbitration. If the case that Plaintiff filed was protected against a motion for forced arbitration when it was filed, arguably it still is protected from forced arbitration. As Plaintiff notes, she has not withdrawn her claims of sexual harassment but has explicitly reserved her right to appeal the Court's

---

[3] Defendants rely upon *Wortham v. Total Transportation Corp.*, 2024 WL 4449411, at *3 (E.D.N.Y. Oct. 2, 2024), *on reconsideration*, 2025 WL 2793649 (E.D.N.Y. Sept. 30, 2025), for the proposition that in considering the amount of time that had elapsed before seeking to compel arbitration, a court should exclude the time during which Defendants had no basis to move to compel arbitration. But that case is inapposite. In *Wortham*, the plaintiff's original complaint and first amended complaint named as plaintiff a person to whom the arbitration provisions did not apply. *Id.* at *3. After plaintiff filed an amended complaint that named as plaintiffs persons to whom the arbitration provisions did apply, "nearly all of the [docket] activity pertained to Defendants' motion to compel arbitration" and there was no "substantive motion practice, save the motion to compel arbitration." *Id.* at *4.

decision dismissing those claims and her right to try those claims if the appellate court determines that this Court erred in its decision. Dkt. No. 124 at 13.

Moreover, assuming *arguendo* that Plaintiff's sex-based claims do not protect her from forced arbitration now (because, according to this Court's decision, they do not state a claim for relief), they also would not have protected her from forced arbitration when the case was initially filed. Put otherwise, there was nothing that prevented Defendants from seeking arbitration in their first motion to dismiss or in their second motion to dismiss. In particular, Defendants argue now that the EFAA does not apply because, as the Court held, Plaintiff's sex-based claims were either time-barred or, if not time-barred, failed to state a claim for relief. Dkt. No. 121 at 11 n.5. But if that is true now, it also was true at the time that Defendants made their two motions to dismiss. There was nothing to prevent Defendants from moving—as prudent parties who want to preserve the arbitration right do in such situation, *see, e.g., Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 540 (S.D.N.Y. 2023) (defendants moved to dismiss sexual harassment claims and compel arbitration); *Lambert v. New Start Cap. LLC*, 799 F. Supp. 3d 258, 267 (S.D.N.Y. 2025) (same)—to dismiss the sex-based claims and then to compel arbitration of the remainder of the claims. Defendants did not have to wait for the Court to say it agreed with their argument. And if, as this Court held in *Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498, 542 (S.D.N.Y. 2024), the appropriate question to ask is not whether the sex-based claims fail to state a claim for relief but whether the sex-based claims were "made solely for the purpose of obtaining jurisdiction or [were] wholly insubstantial and frivolous," *Bell v. Hood*, 327 U.S. 678, 682 (1946), that too does not provide an excuse for Defendants not moving to compel earlier. With their first and second motions to dismiss, Defendants could have also moved to compel arbitration on the grounds that the sex-based claims were made solely to avoid the EFAA and

8

were wholly insubstantial and frivolous. As it stands, Defendants are trying to have their cake and eat it too. They asked the Court to exercise its authority to address, among other things, the constitutional question whether an Act of Congress violated the First Amendment as applied to an entertainment enterprise—a question which principles of constitutional avoidance suggest the Court might avoid if possible. *See Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 341 (1936) (Brandeis, J., concurring). And, only then, after the Court has exercised that authority and rejected their argument, have they turned to their second option of arbitration. The FAA does not permit a party to play a game of "heads I win, tails you lose," waiting "to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration." *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995).

Defendants' remaining arguments may be quickly addressed. Defendants assert that the Court should not find waiver because "there has been minimal discovery." Dkt. No. 121 at 16. But "*Morgan* expressly rejected the rule . . . requiring a showing of prejudice to the opposing party before waiver could be found." *Doyle*, 144 F.4th at 128; *see also Park v. Shinhan Bank Am.*, 2025 WL 2710106, at *7 (S.D.N.Y. Sept. 23, 2025) (same). In *Doyle* itself, there is no evidence that any discovery had taken place; the Second Circuit's decision was predicated entirely upon the making of a motion to dismiss or for abstention seeking the dismissal of the entire case. *Doyle*, 144 F.4th at 130–31. A party can lose the right to arbitrate and act inconsistently with that right without first attempting to avail itself of the tools of federal court discovery to obtain information which might be unavailable in arbitration. Indeed, it is frequently the case, as it is here, that the party seeking arbitration will not have the need for substantial discovery either in litigation or in arbitration; that is one reason the party is

9

comfortable with seeking arbitration. A party can be deemed to have acted inconsistently with the right to arbitrate by asking the Court to devote its limited resources to dispose of a complaint and only after those resources have been expended to seek "to proceed in another venue—arbitration" and to assert that the Court never should have done that work in the first place. *Doyle*, 144 F.4th at 131.

Defendants further assert, relying on pre-*Morgan* caselaw, that the "decision to file a motion to dismiss is [not] itself a sufficient basis on which to find waiver." Dkt. No. 121 at 17 (quoting *Murray v. UBS Sec., LLC*, 2014 WL 285093, at *6 (S.D.N.Y. Jan. 27, 2014)). The proposition is true as far as it goes but does not help Defendants. It is not the filing of the motion to dismiss alone that constitutes conduct inconsistent with the right to arbitrate; it is the filing of the motion without asking the Court in the alternative not to rule at all but to stay action and to compel arbitration that results in a waiver. And to the extent that Defendants would have it that a party can ask the Court to dismiss a complaint in its entirety and only after losing, seek to compel arbitration, that proposition—which rests on the notion that waiver of arbitration requires prejudice—does not survive *Morgan* and *Doyle*.

In light of the Court's finding of waiver the Court need not address the remainder of the issues raised by the parties.

The motion to compel arbitration and to stay this case is denied. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 120.

SO ORDERED.

Dated: March 9, 2026
  New York, New York

LEWIS J. LIMAN
United States District Judge